**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.:

ADELIN PODHAJSER,

    Plaintiff,

vs.

COCONUT GROVE GALLERY, INC. d/b/a
GROVE GALLERY & INTERIORS.,
a Florida Profit Corporation,

    Defendant.
_____/

**COMPLAINT**

COMES NOW, ADELIN PODHAJSER, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant COCONUT GROVE GALLERY INC, d/b/a GROVE GALLERY & INTERIORS, a Florida Profit Corporation (hereinafter, "Defendant"), and states:

**JURISDICTION AND VENUE**

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq.*, the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, the Families First Coronavirus Response Act – Emergency Paid Sick Leave Act, H.R. 6201, 116th Cong. § 5102, et. seq. (2020), (hereinafter "the FFCRA," "EPSLA," or "the Act"), and to redress injuries resulting from Defendant's unlawful, retaliatory discharge of Plaintiff.

1

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant in their store located in Miami, Florida.

## PARTIES

5. Plaintiff was at all times relevant to this action, resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff is a member of a class protected under the FCRA, ADA, and ADAAA in that she was a person with a disability or perceived disability as defined by those Acts.

7. Further, Plaintiff is Cuban American individual who practices Christianity and was discriminated against based on her race and or national origin during the course of her employment.

8. Defendant is a Florida corporation organized and existing in Florida with its principal place of business in Florida and authorized to do business in Florida.

9. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with FCRA, Title VII, ADA, and the ADAAA.

10. Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Specifically, Defendant is in the business of selling furniture, accessories for the home art pieces and custom picture framing.

12. At all times material to this Complaint, the Defendant, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

13. Defendant upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

14. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

15. Plaintiff's Charge was filed on or about January 5, 2021. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

16. Plaintiff was terminated from her position on or about December 7, 2020. Her Charge was therefore timely filed.

17. Plaintiff was issued a Notice of Right to Sue on July 29, 2021. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

18. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

19. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

20. Plaintiff, a Cuban American female, was hired by Defendant on or about September 2020, as interior designer. Plaintiff was offered an hourly rate plus commissions and the Defendant offered benefits including health insurance for which Defendant paid a percentage.

21. Because of Plaintiff's extensive experience in the industry, she was qualified for the position for which she was hired.

22. Plaintiff was advised that she was one of six designers to work under the supervision of Mr. Brian Vinski (White, Croatian)(hereinafter "Vinski") and owner Sheila Kuhl (White, American).

23. From the outset, and continuing until her termination, Plaintiff was subjected to discriminatory treatment because of her race, and/or national origin by Vinski and Kuhl.

24. Vinski and Kuhl treated Plaintiff differently than her non-Hispanic counterparts in virtually all respects of the work environment. Vinski and Kuhl spoke in a condescending and demeaning manner to Plaintiff on a regular basis. They did not speak in this manner to non-Hispanic employees.

25. On one occasion, Plaintiff was speaking Spanish while assisting a customer who did not speak English very well. Vinski reprimanded Plaintiff for speaking Spanish on the floor. He stated: "this is America, you have to speak English to everyone."  However, Vinski did not reprimand other similarly situated employees who often spoke French on the floor including Joelle (LNU) and Valerie (LNU).

26. Plaintiff also observed Vinski and Kuhl spoke in a demeaning and condescending fashion to the other two Hispanic Spanish speaking employees, Carlos (LNU) and Jenny Garcia.

27. On or about October 2020, Plaintiff was experiencing severe migraines and her vision and hearing was negatively affected because of a rupture of her breast implant. Plaintiff's doctor advised that surgery was needed.

28. Plaintiff's condition is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impairs Plaintiff's ability to, at minimum, see, hear, and perform activities considered a "major life activity" as defined by the ADA and ADAAA.

29. Since Plaintiff had insurance with the Defendant, she scheduled her surgery. Plaintiff requested, and was approved for, 2 week medical leave—for her own serious health condition in order to undergo surgery which was scheduled for December 10, 2020.

30. On or about December 1, 2020, Plaintiff learned that her father, who she had been in close contact with, had tested positive for COVID.

31. Plaintiff immediately informed Vinski, notifying him she had been exposed to COVID and needed to get tested and quarantine if necessary.

32. On or about December 2, 2020, Plaintiff received a call from Vinski who said he wanted to check on Plaintiff and advised her to check her email. After the call, Plaintiff reviewed her email where she found a termination.

33. During her employment, Plaintiff was never compensated the commission that she was promised.

34. Upon information and belief, Defendant's reason for termination (if any) is pretextual for unlawful discrimination and or retaliation for requesting leave as a reasonable accommodation.

35. Defendant failed to compensate Plaintiff while on leave after being exposed to COVID.

36. Prior to her termination, Plaintiff was not previously disciplined and was not advised of her risk of termination until receipt of the email.

37. Defendant's alleged reason(s) for Plaintiff's termination are pretextual as Plaintiff was in fact terminated from employment with Defendant as a result of her condition(s) within weeks of her reasonable requests for accommodations.

38. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

39. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF THE CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON RACE)

40. Plaintiff re-avers and re-states paragraphs 1–39 above, as though the same were fully re-written herein, and says:

41. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was subjected to disparate treatment terminated on the basis of her race, Hispanic.

42. Plaintiff is a member of a protected class, to wit, Hispanic.

43. Defendant, by and through its supervisors, treated Plaintiff differently. Plaintiff was subjected to disparaging remarks, embarrassment and denial of her rights.

44. Defendant, by and through its supervisors, did not treat Plaintiff the same as other non-Hispanic employees in that non-Hispanic employees were allowed better work opportunities.

45. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified

discrimination against Plaintiff because of the fact that she was Hispanic, in violation of the Act.

46. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, was a motivating factor in the decision for the adverse employment action(s).

47. Vinski, acted on behalf of Defendant and acted within the scope of their duties.

48. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

49. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Vinski and Kuhl and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

   WHEREFORE, Plaintiff requests that:

   A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

   B. The Court award punitive damages as permitted under the law;

   C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

D. The Court award Plaintiff such other and further relief as the Court deems appropriate.

**COUNT II**
**VIOLATION OF THE CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON NATIONAL ORIGIN)**

50. Plaintiff re-avers and re-states paragraphs 1–39 above, as though the same were fully re-written herein, and says:

51. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was subjected to disparate treatment terminated on the basis of her national origin.

52. Defendant, by and through its supervisors, treated Plaintiff differently. Plaintiff was subjected to disparaging remarks, embarrassment and denial of her rights.

53. Defendant, by and through its supervisors, did not treat Plaintiff the same as other non-Cuban American employees in that non- non-Cuban American employees were allowed better work opportunities and were not reprimanded for speaking their native language.

54. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Cuban American and a Spanish speaker in violation of the Act.

55. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's national origin, was a motivating factor in the decision for the adverse employment action(s).

56. Vinski and Kuhl acted on behalf of Defendant and acted within the scope of their duties.

57. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

58. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Vinski and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

   WHEREFORE, Plaintiff requests that:

   A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

   B. The Court award punitive damages as permitted under the law;

   C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

   D. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT III
## VIOLATION OF THE ADA AND ADAAA
### (RETALIATION)

59. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 of this

complaint as if set out in full herein.

60. Plaintiff requested reasonable accommodation(s) for her disability. This request was made to Vinski and Kuhl, who knew of Plaintiff's disability.

61. As a direct result of Plaintiff's requests for a reasonable accommodation and use of her benefits, Plaintiff was subjected to adverse employment action including but not limited to termination.

62. Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAA.

63. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

64. Defendant's stated reason(s) for Plaintiff's termination (if any) is pretextual.

65. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's request for reasonable accommodation, was a motivating factor in the decision for the adverse employment action(s).

    WHEREFORE, Plaintiff requests that:

    A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

66. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 of this complaint as if set out in full herein.

67. Section 760.10 of the FCRA states in relevant part:

   (1) it is unlawful employment practice for an employer:
   (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

68. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

69. Specifically, Plaintiff alleges that Defendant wrongfully terminated her and subjected her to disparate treatment after she informed them of her condition.

70. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination, as set forth above, was the direct and proximate result of Plaintiff's actual disability, which substantially limited her in one or more major life activities, and/or Plaintiff's record of having such disability.

71. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

72. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability were also motivating factors for Defendant's adverse treatment of Plaintiff.

73. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

74. Based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

    A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON NATIONAL ORIGIN)

75. Plaintiff re-avers and re-states paragraphs 1–39 above, as though the same were fully re-written herein, and says:

76. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her national origin - Cuban.

77. Defendant, by and through its supervisors, by the conduct describe above, engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on the fact she is Cuban and a Spanish speaker.

78. Defendant, by and through its owner and managers, did not treat Plaintiff the same as other non-Cuban employees in that non-Cuban employees were allowed better working opportunities.

79. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Cuban, in violation of the Act.

80. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's national origin, was a motivating factor in the decision for the adverse employment action(s).

81. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

82. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Vinski, Kuhl and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

   A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

   B. The Court award punitive damages as permitted under the law;

   C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

    D. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON RACE)

83. Plaintiff re-avers and re-states paragraphs 1–39 above, as though the same were fully re-written herein, and says:

84. Plaintiff brings this action under the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of her race.

85. Defendant, by and through its supervisors, by the conduct describe above, engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to animosity based on the fact she is Hispanic and a Spanish speaker.

86. Defendant, by and through its owner and managers, did not treat Plaintiff the same as other non-Hispanic employees in that non-Hispanic employees were allowed better working opportunities.

87. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Hispanic in violation of the Act.

88. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, was a motivating factor in the decision for the adverse employment action(s).

89. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act §§ 760.01-760.11.

90. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for her protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Vinski and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that:

   A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

   B. The Court award punitive damages as permitted under the law;

   C. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

   D. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VII
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

91. Plaintiff re-alleges and re-avers paragraphs 1-39 as though full set forth herein.

92. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

93. Plaintiff made a request for leave as a reasonable accommodation due to her medical condition.

94. Plaintiff's requests for leave, as stated above, were protected activity under the FCRA.

95. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

96. Specifically, only after Plaintiff made a request for leave, Defendant terminated Plaintiff even though she was qualified for her position.

97. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

98. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

99. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Vinski, Kuhl and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

100. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

101. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaint(s) of discrimination, were a motivating factor in the decision for the adverse employment action(s).

102. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT VIII
## UNPAID SICK LEAVE UNDER THE FFCRA

103. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 of this complaint as if set out in full herein.

104. At all times material hereto, Plaintiff was protected by the provisions of the FFCRA and EPSLA.

105. At all times material hereto, Plaintiff was entitled to up to eighty (80) hours of paid sick leave under the Act.

106. Defendant failed and refused to pay Plaintiff for paid sick time, and terminated Plaintiff while on leave after being exposed to COVID.

107. As a result of Defendant's violation of the Act, it is considered to have failed to pay minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206.

108. As a result of Defendant's willful and unlawful violation of the Act, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

**WHEREFORE,** Plaintiff requests that this court enter judgment against Defendant for:

    A. Liquidated and compensatory damages pursuant

    B. Punitive damages due to Defendant's willful behavior;

    C. Injunctive relief where feasible;

    D. Attorney's fees;

    E. Cost of this action; and

    F. Any other relief this Court deems proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff ADELIN PODHAJSER demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: December 10, 2021

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com