UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:21-CV-24304-DLG

ADELIN PODHAJSER,

    Plaintiff,

vs.

COCONUT GROVE GALLERY, INC. d/b/a
GROVE GALLERY & INTERIORS.,
a Florida Profit Corporation,

    Defendant.
_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, ADELIN PODHAJSER ("Plaintiff"), by and through the undersigned counsel, hereby opposes Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 12) and alleges as follows:

### PROCEDURAL BACKGROUND

1. On or about December 10, 2021, Plaintiff filed her Complaint alleging claims based on unlawful employment practices committed by Defendant. (ECF No. 1).

2. At bar, Defendant seeks the dismissal of Counts I-VII of Plaintiff's complaint. See ECF No 12. Counts I-VII of Plaintiff's Complaint set forth Plaintiff's claims of discrimination and retaliation based on Plaintiff's national origin, race and disability under the Florida Civil Rights Act of 1992 (the "FCRA"), Title VII of the Civil Rights Act, 42 U.S.C. 2000 et seq., and the Americans with Disabilities Act ("ADA") and the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), contending that Plaintiff failed to comply with conditions precedent. Defendant's contentions, nevertheless, ultimately fail

1

to demonstrate that dismissal is appropriate here. To that end, and for the reasons set forth fully below, Defendant's Motion must be denied.

## MEMORANDUM OF LAW

### A. LEGAL STANDARD

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss, the court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). Dismissal is appropriate only where plaintiff has failed to provide some basis for the allegations that support the elements of his claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring "only enough facts to state a claim to relief that is plausible on its face").

### B. PLAINTIFF HAS COMPLIED WITH ALL CONDITIONS PRECEDENT

Defendant inaccurately concludes that Plaintiff's claims are untimely based on the dismissal of the charge issued by the Miami-Dade County Commission. ECF No. 12. Defendant's contention, however, is predicated under the premise the administrative framework and time limits imposed by Fla. Stat. § 760.00 and or local laws and the designated agencies, and those imposed by the U.S. Congress and the EEOC for federal proceedings.

The U.S. Equal Employment Opportunity Commission ("EEOC") is the agency established by Congress to administer, interpret, and enforce Title VII and other federal employment

2

discrimination laws such as the ADA and the ADAAA. To assist EEOC in carrying out its investigative functions under the statutes it enforces, 42 U.S.C. § 2000e-8(b) expressly authorizes EEOC to enter into agreements with State fair employment practices ("FEP") agencies that are charged with the administration of state FEP laws. *See EEOC v. Commercial Office Products Company*, 486 U.S. 107, 112 (1988). The Florida Commission on Human Relations ("FCHR" or "Florida Commission") and the Miami Dade County Commissions (CHR) have such an arrangement for a number of years with the EEOC[1]. Under the work-sharing arrangement, each agency has authorized the other to accept discrimination charges or complaints on the other's behalf. Dually filed charges can also be transferred from one agency to another in accordance with the terms of this agreement or by other mutual agreement. However, the work sharing agreement clearly states: "this delegation of authority to receive charges **does not** include the right of one Agency to determine the jurisdiction of the other Agency over a charge". *See Workshare Agreement Section II, A*. In addition, to reflect each agency's unique priorities, the agreement specifies certain categories of cases that each agency will process initially. *Id*. at Section III.A.; see also Section II.D.2.b. (CHR will transfer to EEOC for initial processing disability charges raising issues that are potential violations under federal law but not under Miami Dade Local law). If a charge falls into one of these specified categories, it is referred to the respective agency at the outset. Id. at sections III.A. and B.

Furthermore, once an investigation is completed, nothing in the workshare agreement dictates that a CHR determination under Chapter 11A of the Miami Dade County Ordinance automatically serves as the EEOC or the FCHR's final determination on federal or state claims,

---

[1] See https://www.eeoc.gov/field-office/miami/fepa; See for reference  https://www.eeoc.gov/fy-2012-eeocfepa-model-worksharing-agreement [hereinafter WORKSHARE AGREEMENT]

or vice versa. *EEOC v. Commercial Office Products*, 486 U.S. at 112 (nonprecessing party to a workshare agreement generally reserves the right to review the processing party's resolution of a charge). Indeed, there is express language to the contrary in the Workshare Agreement. See workshare agreement, Section II A. In these paragraphs, each agency agreed to issue its own final action notices, regardless of which agency initially processed and investigated the complaint. *See Segura v. Hunter Douglas Fabrication Co.*, 184 F. Supp. 2d 1227, 1228-30 (M.D. Fla. 2002)(construing this section of EEOC/FCHR Workshare Agreement and concluding that "the agreement provides that the EEOC determination is not the FCHR determination"); *Jones v. Lakeland Regional Medical Center*, 805 So.2d 940, 941 (Fla. 2d DCA 2001)(same). The same analysis applies to Plaintiff's claims under the FCRA.

At issue here is the administrative determination made by the CHR. See ECF No. at 12. Plaintiff dually filed her charge of discrimination with the EEOC, the FCHR, and the CHR on or about January 5, 2021. That same day, the EEOC issued a letter transferring the Charge to the CHR. A copy of the letter is attached hereto as Exhibit A. After more than 180 days had passed, Plaintiff requested a Determination of Rights [2]. On July 29, 2021, as the processing agency the CHR issued its Right to Sue under Chapter 11A of the Miami-Dade County Code, pursuant to

---

[2] It is unequivocally clear that when the processing Agency has not made a reasonable cause determination within the requisite 180-day period, the claimant may proceed with a private lawsuit. See 29 C.F.R. § 1601.28(a)(2) which states that upon request, "the Commission shall promptly issue such notice as described in § 1601.28(e) to all parties, at any time after the expiration of one hundred eighty (180) days from the date of filing of the charge with the Commission"; *see also* Fla. Stat. § 760.11(8)(a) which states: "[i]f the commission fails to conciliate or determine whether there is reasonable cause on any complaint under this section within 180 days after the filing of the complaint: (a)An aggrieved person may proceed under subsection (4) as if the commission determined that there was reasonable cause."

Plaintiff's request. A copy is attached hereto as Exhibit B. The issuance of this Notice terminated the CHR's investigation of the charge of discrimination. In its closing letter, the CHR unequivocally states that it has made no determination over Plaintiff's federal/state claims. Specifically, the CHR stated that they waived jurisdiction to investigate the alleged violation(s) of federal anti-discrimination law and the case would be forwarded to the U.S. Equal Employment Opportunity Commission (EEOC) so that they can issue a Dismissal and Notice of Right to Sue. A copy of the letter is attached hereto as. Exhibit C.

On or about September 13, 2021, the EEOC issued a Right to Sue pursuant to Plaintiff's request.[3] A copy is attached hereto as Exhibit D. Plaintiff filed her Complaint on December 10, 2021, within the 90-day period from the issuance of the Right to Sue by the EEOC, but before the FCHR issued a not reasonable cause notice. Defendant's Motion and wholly unsupported.

### C. DEFENDANT IS PRECLUDED FROM RAISING NEW ARGUMENTS IN REPLY.

It would be improper for the Court to permit Defendant to offer specific arguments for the first time in reply. *Katchmore Luhrs, LLC v. Allianz Glob. & Corp. Specialty*, 2016 WL 1756911, at *1 (S.D. Fla. May 3, 2016); United States v. Day, 405 F.3d 1293, 1294 (11th Cir.2005) (treating issues and contentions raised for the first time in a reply brief as waived or abandoned). This

---

[3] The regulation codified at 29 C.F.R. § 1601.28(a)(2) states that when the Commission is unable to complete processing of the charge within 180 days, it may issue right to sue letters to charging parties. Specifically, it provides:

> When a person claiming to be aggrieved requests, in writing, that a notice of right to sue be issued, and the charge to which the request relates is filed against a respondent other than a government, ... the Commission may issue such notice ... at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided, that [a designated official] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect.

29 C.F.R. § 1601.28(a)(2).

means that the Court should properly disregard any arguments that were not raised in Defendant's Motion to Dismiss, including any new arguments directed to the appropriateness of Plaintiff's request for Right to Sue after 180 days passed.

## CONCLUSION

WHEREFORE, and based upon the reasons stated above, Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss in its entirety, or in the alternative, enters a stay pending mediation and if necessary, arbitration.

Dated: February 24, 2022        Respectfully submitted,

*/s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave, Suite 302
Doral, FL 33172
Tel.    (786) 650-0202
Fax.    (786) 650-0200
Email: nathaly@peregonza.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 24, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.

**SERVICE LIST**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
PEREGONZA THE ATTORNEYS, PLLC
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

Counsel for Plaintiff


Mark J. Neuberger (FBN 568872)
mneuberger@foley.com
Crystal B. Carswell (FBN 108882)
ccarswell@foley.com
Kate L. Pamperin (FBN 1026546)
kpamperin@foley.com
Two South Biscayne Boulevard
Suite 1900
Miami, Florida 33131
Telephone: 305.482.8400
Facsimile: 305.482.8600

*Served via transmission of Notices of Electronic Filing generated by CM/ECF*